```
1  JOHN E. FAGAN, ESQ. (SBN: 107974)
   JILL HALEY PENWARDEN, ESQ. (SBN: 178561)
2  MICHAEL L. REITZELL, ESQ. (SBN: 215272)
   HANCOCK ROTHERT & BUNSHOFT LLP
3  The Lighthouse Center
   850 North Lake Boulevard, Suite 15
4  Post Office Box 7199
   Tahoe City, California 96145-7199
5  Telephone: (530) 583-7767
   Facsimile: (530) 581-3215
6
   Attorneys for Defendant
7  SQUAW VALLEY SKI CORPORATION
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW P. PAXTON, KRIS MILLER PAXTON, | Case No. CIV. S-02-1527 DAD |
|---|---|
| Plaintiffs, | **STIPULATION TO STAY ENFORCEMENT OF JUDGMENT** |
| v. | |
| SQUAW VALLEY SKI CORPORATION, | Action Filed: July 12, 2002 |
| Defendant. | Trial Date: May 9, 2005 |
| | Judgment Entered: May 26, 2005 |

Plaintiffs Matthew P. Paxton and Kris Miller Paxton ("Plaintiffs") and Defendant Squaw Valley Ski Corporation ("Squaw Valley"), through their respective counsel, stipulate as follows:

    1.    The district court entered judgment in favor of Plaintiffs on May 26, 2005.

    2.    Squaw Valley filed a Motion for New Trial on June 10, 2005.

    3.    The district court heard Squaw Valley's Motion for New Trial on July 15, 2005.

    4.    On August 19, 2005, the trial court entered an order denying Squaw Valley's Motion for New Trial.

    5.    Plaintiffs will not enforce the judgment until September 19, 2005. <u>See</u> Fed. R. Civ. P. 62(c)

1   6.   Defendant intends to file a Notice of Appeal on or before September 19,
2   2005.
3           IT IS SO STIPULATED AND AGREED.
4   DATED: August 25, 2005        HANCOCK ROTHERT & BUNSHOFT LLP

By:   /s/ Michael L. Reitzell
      Michael L. Reitzell
      Attorneys for Defendant
      SQUAW VALLEY SKI CORPORATION

DATED: August 25, 2005        LAW OFFICES OF BRUCE S. OSTERMAN

By:   /s/ David A. May
      David A. May
      Attorney for Plaintiffs
      MATTHEW P. PAXTON AND KRIS
      MILLER PAXTON

Pursuant to Federal Rule of Civil Procedure 62(c) and the above stipulation of the parties, the district court hereby stays execution of, or any proceedings to enforce, the judgment until September 19, 2005. See Fed. R. Civ. P. 62(c); Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2904 ("When there is reason to believe that an appeal will be taken, there is no reason why the court should not make an order preserving the status quo during the expected appeal. The order can be conditioned on an appeal being taken by a stated date.").

IT IS SO ORDERED.

Dated:   September 2, 2005

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.consent/paxton1527.stipord

HANCOCK ROTHERT & BUNSHOFT LLP
P.O. BOX 7199
TAHOE CITY, CA 96145